IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

TRUSTEES OF THE INDIANA STATE
COUNCIL OF ROOFERS HEALTH AND
WELFARE FUND,

      Plaintiffs,

-vs-

                                        CASE NO.  4:26-cv-72

D.C. ONE CONSTRUCTION LLC

      Defendant.

## COMPLAINT

1.      Plaintiffs, the Trustees of the Indiana State Council of Roofers Health and Welfare Fund (the "Fund"), are trustees of a multiemployer benefit plan and employee welfare plan. Defendant, D.C. One Construction LLC is an employer obligated to make contributions to the Fund based upon a contractually agreed upon rate so that Defendant's employees may participate in and receive the employee benefits of the Fund. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund for the purpose of collecting contributions and other amounts due to the Fund.

## JURISDICTION AND VENUE

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.     Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## THE PARTIES

4.     Plaintiffs are fiduciaries of a Trust Fund created pursuant to LMRA § 302 (c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund.

5.     Defendant, is an Indiana corporation. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

6.     At all relevant times, Defendant was a party to and agreed to abide by the terms of project agreement pertaining to construction work performed on the IU Health Medical Center. The terms of the project agreement bound Defendant to the terms of one or more collective bargaining agreements ("CBA") for the purpose of all work on the project. The terms of the CBA

2

require Defendant to make contributions to the Fund of which Plaintiffs are Trustees, along with contributions to other employee benefit funds.

7.      In addition to requiring contributions to the Fund, the CBA also incorporates by reference the terms of the Fund's Trust Agreement. The Fund's Trust Agreement, in turn, gives Plaintiffs the authority to collect employer contributions due to the Fund. They also authorize Plaintiffs to adopt and enforce a written collection policy and related policies.

8.      Pursuant to the terms of the CBA, Trust Agreement, and Plaintiff's Collection Policy, Defendant is required to submit all monthly reports and contributions by the specified due dates. If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages and interest until paid in full. Defendant is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Fund.

9.      Pursuant to the terms of the CBA, Trust Agreement, and Plaintiff's Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the amounts owed.

## COUNT I
**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

10.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

11.     As demonstrated by the findings of a payroll audit, Defendant failed to report and submit all contributions due on behalf of its employees to the Fund during the audited period of

3

June 1, 2024, through March 31, 2025. According to the audit, Defendant owes $13,511.08 in unpaid contributions to the Fund.

12.    Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT II**
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Contributions)**

13.    Plaintiffs reallege each averment set forth above as if fully rewritten herein.

14.    As demonstrated by the findings of a payroll audit, Defendant failed to report and submit all contributions due on behalf of its employees to the Funds during the audited period of June 1, 2024, through March 31, 2025. According to the audit, Defendant owes $13,511.08 in unpaid contributions to the Fund.

15.    Defendant's actions are in violation of the CBA, Trust Agreements, and Plaintiffs' Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT III**
**(ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)**

16.    Plaintiffs reallege each averment set forth above as if fully rewritten herein.

17.    As demonstrated by the findings of a payroll audit, Defendant failed to report and submit all contributions due on behalf of its employees to the Fund for various work months from September 2024 through June 2025. In addition, Defendant failed to timely pay contributions for the work months of August 2024 through June 2025. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

18.    Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT IV**
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages)**

19.    Plaintiffs reallege each averment set forth above as if fully rewritten herein.

20.    As demonstrated by the findings of a payroll audit, Defendant failed to report and submit all contributions due on behalf of its employees to the Fund for various work months from September 2024 through June 2025. In addition, Defendant failed to timely pay contributions for the work months of August 2024 through June 2025. As a result, Defendant is liable for liquidated damages and interest on all delinquent contributions from their respective due dates until paid in full.

21.    Defendant's actions are in violation of CBA, Trust Agreement, and Plaintiff's Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

A.    Judgment on behalf of Plaintiffs and against Defendant in the amount of $13,511.08 in unpaid contributions to the Fund;

B.    Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions from April 2025 forward, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

C.    Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on delinquent contributions, in an amount to be determined;

D.      Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

E.      Judgment on behalf of Plaintiffs and against Defendant in the amount of all costs and expenses for the payroll audit covering the period June 1, 2024, through March 31, 2025, and any subsequent audit;

F.      An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreement, and Plaintiff's Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

G.      An Order retaining jurisdiction over this cause pending compliance with all Orders; and

H.      Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARTNERS LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
Sawyer Lehman (IN #26859-15
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*

6